IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION FILE |
| MICHAEL ANTHONY BARR and NADYA IVETTE DIAZ, | NO. 4:17-CR-0038-HLM-WEJ |
| Defendants. | |

### NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant pro se Michael Anthony Barr's Motion to Dismiss for Prosecutorial Misconduct [124]. For the reasons explained below, the undersigned **RECOMMENDS** that said Motion be **DENIED**.

### I.   BACKGROUND

In the instant pro se motion, Mr. Barr asserts that the Assistant United States Attorney ("AUSA") responsible for this case, Jessica Morris, Esq., sent discovery directly to the home address of his co-defendant, Nadya Diaz. He further contends that the content of this discovery was "manipulated as well to show things that were not true"; and that this purported disclosure was orchestrated to "to turn Barr's co-defendant and girlfriend" against him. (Def.'s Mem. [124] 1-2.) He then cites an

assortment of criminal statutes and tort theories regarding privacy interests that have allegedly been violated. (Id. at 3-4.)

AUSA Morris responds that the U.S. Attorney's Office does not send correspondence, including discovery materials, to represented parties such as Mr. Barr's co-defendant, Ms. Diaz. Rather, in all cases, discovery materials are provided to a defendant's lawyer. In this case, following defendant Diaz's arraignment, Ms. Morris represents that arrangements were made between the U.S. Attorney's Office and Ms. Diaz's attorney to provide electronic discovery on a hard drive provided by the Federal Public Defender's Program.[1] To the extent that Ms. Diaz received discovery materials directly, those likely would have come from her own lawyer.[2] The Government stated that it could speak only to what was sent

---

[1] A copy of the discovery letter that Ms. Morris sent to Ms. Diaz's attorney is attached to the Government's Response Brief as Exhibit 1 [131-1].

[2] Because Mr. Barr and Ms. Diaz are charged in a conspiracy, they were entitled to nearly identical discovery. Some of the discovery Ms. Diaz may have received from her counsel could have included the contents of a cell phone (404-670-4841) seized from Mr. Barr which contained communications with women other than Ms. Diaz. However, as reflected in Government Exhibits 2 [131-2] and 3 [131-3], this phone contained images relevant to this case, including a photo of Mr. Barr's hand in a bag containing over $75,000 in U.S. currency and a photo of Mr. Barr in tactical gear holding a gun.

from the U.S. Attorney's Office to Ms. Diaz's counsel, and as stated above, nothing was sent by that Office directly to Ms. Diaz.

## II.   ANALYSIS

"'[D]ismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized.'" United States v. Accetturo, 858 F.2d 679, 681 (11th Cir. 1988) (quoting United States v. Pabian, 704 F.2d 1533, 1536 (11th Cir. 1983)).  "[I]n the case of even the most egregious prosecutorial misconduct, . . . the dismissal of an indictment in such a case must depend upon a showing of actual prejudice to the accused." United States v. Merlino, 595 F.2d 1016, 1018 (5th Cir. 1979).[3]

There simply is no factual basis for a prosecutorial misconduct claim here. AUSA Morris did not send discovery directly to Ms. Diaz.  If Mr. Barr's co-defendant received discovery directly, it came from her lawyer.  Defendant Barr also fails to submit any probative evidence showing that any discovery produced in this case was manipulated.

---

[3] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Until Mr. Barr was allowed to proceed <u>pro se</u>, he had been represented by able counsel. That counsel (now acting on a stand-by basis) did not see fit to file a motion to dismiss for prosecutorial misconduct because he knew that it would be frivolous, just like the one Mr. Barr eventually filed. Given the frivolousness of Mr. Barr's claims, there is no need for an evidentiary hearing on this Motion.

### III.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant Barr's <u>Pro Se</u> Motion to Dismiss for Prosecutorial Misconduct [124] be **DENIED**.

**SO RECOMMENDED**, this 23rd day of April, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE