IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION FILE |
| MICHAEL ANTHONY BARR and NADYA IVETTE DIAZ, | NO. 4:17-CR-0038-HLM-WEJ |
| Defendants. | |

### NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant pro se Michael Anthony Barr's Motion to Dismiss for Prosecutorial Vindictiveness [125]. For the reasons explained below, the undersigned **RECOMMENDS** that said Motion be **DENIED**.

**I.   BACKGROUND**

Although Mr. Barr's Motion is six pages long, most of it consists of quotations from cases. The only relevant factual claims made in the Motion are that Mr. Barr was indicted in November 2017, and that after he refused to plea bargain, the prosecution added more counts to the Indictment and added his girlfriend, Nadya Diaz, as a defendant. (Def.'s Mem. [125] 2.) As discussed below, these claims fail to find support in the record.

On November 14, 2017, a grand jury in the Northern District of Georgia returned a two-Count Indictment [1] against defendant Barr. In Count One, the Government charged that on or about August 31, 2017, Mr. Barr, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess at least one of six firearms listed therein, and that said possession, being in and affecting interstate and foreign commerce, violated 18 U.S.C. § 922(g)(1). In Count Two, the Government charged that on or about April 13, 2016, Mr. Barr knowingly used, without lawful authority, a means of identification of another person in connection with any unlawful activity that constitutes a felony under state law (i.e., O.C.G.A. § 16-10-71), in that he obtained a temporary motor vehicle registration in the identify of C.F., in violation of 18 U.S.C. § 1028(a)(7).

The Government's investigation into Mr. Barr's alleged unlawful possession of firearms, his use of the alias C.F., the role Ms. Diaz played in providing firearms to him, and the sources of their assets, predated the Indictment and continued thereafter. (Gov't Resp. [130] 2.) For example, on October 26, 2017, the FBI obtained a search warrant on eight electronic devices (seven phones and one computer) which were seized from the Mitchell Bridge Road residence on August 31, 2017. (See Search Warrant for Electronic Devices, authorized by the

undersigned on Oct. 26, 2017, Case No. 4:17-MC-23; copy filed as Gov't Ex. 1 [130-1].) According to the Government, review and exploitation of these devices took months and yielded information relevant to additional charges regarding firearms violations and a conspiracy between Mr. Barr and Ms. Diaz. (See FBI Report dated Jan. 18, 2018 re: Review of Photos found on Barr's Cell Phone, copy filed as Gov't Ex. 2 [130-2]; FBI Report dated April 26, 2018 re: Review of Videos on Barr's Computer, copy filed as Gov't Ex. 3 [130-3].)

Pursuant to its ongoing investigation, the Government also obtained a search warrant for a Google email account used by both Mr. Barr and Ms. Diaz. (See Search Warrant directed to Google, authorized by the undersigned on Feb. 14, 2018, Case No. 4:18-MC-10, copy filed as Gov't Ex. 4 [130-4].) The Government shows that this search warrant yielded additional information regarding Mr. Barr and Ms. Diaz's firearms activities in the form of an email exchange to a gunsmith from "Mike Diaz" regarding a firearm that Nadya Diaz purchased from a gun store in Cumming, Georgia. (See FBI Report dated April 6, 2018 re: Review of Google Email, copy filed as Gov't Ex. 5 [130-5].)

On May 14, 2018, this Court held an evidentiary hearing [28] on Mr. Barr's Motion to Suppress Evidence [21] challenging the warrantless entry into his home on August 31, 2017. Following that hearing, Mr. Barr's counsel requested a plea

offer.  (See Gov't Resp. 3.)  Before an offer was extended, on June 12, 2018, the grand jury returned a nine-Count Superseding Indictment [35] which added Nadya Diaz as a co-defendant and included new charges summarized below:

| Count, Defs. | Charge | Date of Conduct | Max. Penalty |
|---|---|---|---|
| 1<br>Barr<br>Diaz | Conspiracy, 18 U.S.C. § 371 | Jan. 2016 to Aug. 31, 2017 | 5 yrs. |
| 2<br>Barr<br>Diaz | Felon in Possession, Aiding and Abetting, 18 U.S.C. §§ 922(g)(1) and 2 | Aug. 31, 2017 | 10 yrs. |
| 3<br>Barr | Felon in Possession, 18 U.S.C. § 922(g)(1) | Aug. 31, 2017 | 10 yrs. |
| 4<br>Barr | Possession of Silencer, 26 U.S.C. § 5861(d) | Aug. 31, 2017 | 10 yrs. |
| 5<br>Barr | Possession of Short-barreled Shotgun, 26 U.S.C. § 5861(d) | Aug. 31, 2017 | 10 yrs. |
| 6<br>Barr | Felon in Possession, 18 U.S.C. § 922(g)(1) | Feb. 6, 2017 | 10 yrs. |
| 7<br>Barr | Possession of Firearm by Controlled Substance User, 18 U.S.C. § 922(g)(3) | Feb. 6, 2017 | 10 yrs. |
| 8<br>Barr<br>Diaz | Felon in Possession, Aiding and Abetting, 18 U.S.C. §§ 922(g)(1) and 2 | Apr. 20, 2016 | 10 yrs. |
| 9<br>Barr | Identity theft, 18 U.S.C. § 1028(a)(7) | Apr. 13, 2016 | 5 yrs. |

(See Gov't Resp. 3; the Court uses above the chart submitted by the Government for convenience sake.)

Following the return of that Superseding Indictment, the Government's counsel communicated via letter the terms of a plea agreement to counsel for Mr.

4

Barr.  (See letter of July 19, 2018, copy filed as Gov't Ex. 6 [130-6]).  The letter provides in relevant part as follows:

> At the conclusion of the evidentiary hearing, you requested that the government extend a plea offer.  Our offer is the following: in exchange for Mr. Barr's plea of guilty to counts 1, 2 and 9 of the superseding indictment and the forfeiture of the firearms and ammunition seized in the case, the government will recommend a sentence at the high-end of the guideline range as calculated by the Court.  We can litigate the applicability of any of the guidelines and you are free to advocate for a low-end sentence.  We will move to dismiss the remaining charges as part of the plea.  To avail himself of this offer, Mr. Barr would need to withdraw[] his pending motions prior to the filing of the government's post-hearing brief.  If unconstrained by a plea agreement, I will likely seek an upward variance on the basis that guidelines under-represent Mr. Barr's criminal history and request a sentence of 10 years.
>
> I have a trial scheduled for July 23, 2018 in *U.S. v. Brandon Panky*, 4:17-cr-23-HLM in Rome, Georgia.  As a result, I am requesting your consent for an additional 30 days to complete the government's post-hearing brief on your motion to suppress, which is currently due to be filed with the Court on July 25, 2018.  Please let me know your position on this request at your earliest convenience.  To the extent you would like additional time to consider the plea offer and review this discovery material, please let me know that as well.

(Id. at 1-2.)

On July 27, 2018, counsel for the Government wrote another letter to counsel for Mr. Barr summarizing the pertinent evidence and making the following points:

> Unconstrained by the negotiated plea offer set forth in the previous letter, upon conviction, the government may advocate for an upward variance from the sentencing guidelines, including a sentence

5

> up to 10 years. The defendant's own admission that he has previously conducted armed robberies of drug dealers—as corroborated by the guns, police paraphernalia, and drugs located during his previous arrests—is a basis for such a variance. The fact that he was living under an alias, in possession of so many firearms, including silencers, while he was wanted on two warrants similarly supports an upward variance.

(See letter of July 27, 2018, copy filed as Gov't Ex. 7 [130-7]).

Mr. Barr did not accept this plea offer, and the parties continued to litigate pretrial motions. The undersigned conducted an evidentiary hearing [76] on Mr. Barr's Motion to Suppress Statements [67] on September 12, 2018. After extensive post-trial briefing, the undersigned issued Non-Final Reports and Recommendations on October 17, 2018 [83] and November 29, 2018 [95] recommending denial of both of Mr. Barr's Motions to Suppress. The undersigned certified Mr. Barr's case as ready for trial on November 28, 2018 [97]. The Honorable Harold L. Murphy, Senior United States District Judge, adopted the undersigned's Non-Final Reports and Recommendations on defendant's Motions to Suppress as orders of this Court on November 2 [89] and December 20, 2018 [103], respectively.

In the meanwhile, on November 5, 2018, counsel for Mr. Barr sent a letter to counsel for the Government requesting that she consider extending a plea offer that would permit Mr. Barr to "preserve the suppression issue for the Circuit court,

6

if needed." (See of Nov. 5, 2018, copy filed as Gov't Ex. 8 [130-8].) On January 24, 2019, counsel for the Government transmitted an email to counsel for defendant attaching an approved plea agreement and stating, in relevant part, as follows:

> As I mentioned, I received approval for the appellate carve out. As made explicit in paragraph 16, the agreement does not bind either party with regard to advocacy for a particular sentence.

(See Email dated Jan. 24, 2019 transmitting Barr Plea Agreement, copy filed as Gov't Ex. 9 [130-9].) Although Mr. Barr received a plea offer that maintained his right to appeal the denial of his motion to suppress, he did not accept it.

Following a hearing [120], by Order dated March 14, 2019 [121], Judge Murphy granted Mr. Barr's request to proceed pro se, and appointed Brian Steel, Esq., who had been ably representing him, as standby counsel. Mr. Barr filed the instant Motion [125] during the time period granted to him to file pre-trial motions. Judge Murphy decertified the case [127] and returned the instant Motion (and another filed by Mr. Barr on the same date [124], which has been addressed separately [132]), to the undersigned.

## II. ANALYSIS

The record shows that Mr. Barr's contention that the prosecutor obtained the Superseding Indictment as punishment for his refusal to plea bargain is factually unsupported. The Government did not extend a plea offer until after the return of

7

the Superseding Indictment. In any event, as discussed below, even if the Government had extended a plea offer following the initial Indictment and Mr. Barr had rejected it, and the Superseding Indictment was then returned, there would be no factual basis for a prosecutorial vindictiveness claim here.

In Bordenkircher v. Hayes, 434 U.S. 357 (1978), the Supreme Court explained that, although there are due process concerns when a defendant is punished for exercising his rights, those concerns do not exist in the context of plea negotiations because the defendant is free to accept or reject the plea. Thus, a prosecutor is free to threaten to bring additional charges unless the defendant enters a plea. Id. at 363-64. "Although there is a presumption of vindictiveness that arises when new charges are brought post-trial, there is no such presumption in the pre-trial context." United States v. South, 295 F. App'x 959, 967 (11th Cir. 2008) (per curiam); see also United States v. Murray, 659 F. App'x 1023, 1028 (11th Cir. 2016) (per curiam) ("Because Count Five was added pretrial, no presumption of vindictiveness arose.").

"Thus, to prevail, [Mr. Barr] must establish actual vindictiveness." South, 295 F. App'x at 967. "To establish actual vindictiveness, a defendant must prove that: (1) the prosecutor wanted to punish the defendant for exercising his rights (animus); and (2) the prosecutor's animus caused the prosecutor to bring charges

8

of increased severity (causation)." United States v. Mwangi, No. 1:09-CR-107-TWT, 2010 WL 690136, at *17 (N.D. Ga. Feb. 18, 2010). "A showing of actual vindictiveness is 'exceedingly difficult to make'" and is a burden borne by the defendant. Id. (citation omitted). This burden is difficult to carry because a

> prosecutor may seek a superseding indictment at any time prior to a trial on the merits . . . so long as the purpose is not to harass the defendant. As a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute.

United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006) (citations and internal quotation marks omitted).

Mr. Barr cannot make a showing of actual vindictiveness. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." Bordenkircher, 434 U.S. at 364; see also United States v. Cole, 755 F.2d 748, 758 (11th Cir. 1985) (defendants properly chargeable under the added counts of the superseding indictment). The collection of more evidence during the pendency of the initial Indictment certainly supports the prosecution's decision to supersede to add more charges and another allegedly culpable defendant. See United States v. Davis, No. 8:14-CR-191-T-36TBM, 2015 WL 500531, at *2 (M.D. Fla. Feb. 4,

2015) (evidence forming the basis for the new charges could have only been discovered later, which objectively rebuts any claim of vindictiveness). Because the grand jury found probable cause to believe that the defendant committed the charged crimes, the court has no authority to interfere with a prosecutor's decision to prosecute. See Barner, 441 F.3d at 1315.

If there is no constitutional due process violation when the Government decides to add new charges after the defendant refuses a plea deal, see Bordenkircher, 434 U.S. at 363, there certainly could not be one where, as here, the Government superseded before a plea offer was ever made and rejected. See United States v. Obie, No. 1:18-CR-007-ODE-JKL, 2018 WL 6428027, at *3 (N.D. Ga. Dec. 7, 2018) (defendant failed to demonstrate any causal connection between his exercise of protected rights and the superseding indictment because the superseding indictment preceded his exercise of protected rights). Because Mr. Barr has failed to submit any evidence showing that the responsible Assistant United States Attorney sought to punish him or had any animus against him, his Motion should be denied.

## III.  CONCLUSION

Since the defendant has not established actual vindictiveness, the undersigned **RECOMMENDS** that Defendant Barr's pro se Motion to Dismiss for Prosecutorial Vindictiveness [125] be **DENIED**.

**SO RECOMMENDED**, this 23rd day of April, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE