IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.  CIVIL ACTION FILE NO.
4:17-CR-00038-01-HLM-WEJ

MICHAEL ANTHONY BARR,

Defendant.

## ORDER

This case is before the Court on Defendant's Motion to Dismiss Indictment for Prosecutorial Misconduct [124], as well as on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [132] and Defendant's Objections to the Non-Final Report and Recommendation [143].

## I. Standard of Review

When reviewing a magistrate judge's report and recommendation, the district court must conduct "a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).

Factual findings of the magistrate judge are subject to <u>de novo</u> review only if a party files a "proper, specific objection." <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding only for clear error. <u>Macort</u>, 208 F. Appx. at 784.

2

Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. Appx. 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On June 12, 2018, a grand jury in the Northern District of Georgia returned a nine-count Superseding Indictment against Defendant. (Superseding Indictment (Docket Entry No. 35).) The United States had charged Defendant with various offenses, most of them pertaining to the unlawful possession of firearms. (Id.) The Superseding Indictment also named Defendant's girlfriend, Nadya Ivette Diaz ("Ms. Diaz"), as a co-conspirator in Defendant's crimes. (Id.)

3

On March 29, 2019, Defendant filed a Motion to Dismiss Indictment. (Docket Entry No. 124.) In his Motion, Defendant contends that the Assistant United States Attorney prosecuting this case, Ms. Jessica Morris, wrongfully abused the discovery process as part of a scheme to "turn [Defendant]'s co-defendant and girlfriend" against him. (Id. at 3.) Specifically, Defendant alleges that Ms. Morris sent the full contents of his cell phone—including text messages and photos that Defendant exchanged with other women—to Ms. Diaz's home as discovery materials. (Id. at 2-3.) Based on this alleged misconduct, Defendant now seeks dismissal of the Superseding Indictment. (Id. at 7.)

4

In accordance with this Court's Local Rules, Defendant's Motion was initially referred to a magistrate judge. After full review, United States Magistrate Judge Walter E. Johnson recommended that the Court deny the Motion. (Non-Final Report & Recommendation (Docket Entry No. 132) at 4.) Defendant filed timely objections to Judge Johnson's Report and Recommendation. (Objs. (Docket Entry No. 143).) The Court accordingly finds this matter ripe for resolution.

## III. Discussion

The Court finds that Judge Johnson accurately stated the law governing claims of prosecutorial misconduct. "[D]ismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized."

5

AO 72A
(Rev.8/8
2)

United States v. Accetturo, 858 F.2d 679, 681 (11th Cir. 1988) (quoting United States v. Pabian, 704 F.2d 1533, 1536 (11th Cir. 1983)). Furthermore, even in the case of "the most egregious prosecutorial misconduct," dismissal of the indictment "must depend upon a showing of actual prejudice to the accused." United States v. Merlino, 595 F.2d 1016, 1018 (5th Cir. 1979); see also United States v. O'Keefe, 825 F.2d 314 (11th Cir. 1987) ("[P]rejudice to the defendant is an essential element when a criminal defendant seeks dismissal of an indictment due to prosecutorial misconduct.").

Applying this standard to the facts at hand, Judge Johnson correctly found that "[t]here simply is no basis for a prosecutorial misconduct claim here." (Non-Final Report

6

AO 72A
(Rev.8/8
2)

& Recommendation at 3.) Defendant has not shown—or even argued—that the prosecutor's actions during discovery actually prejudiced his case in any way. Thus, even presuming the existence of misconduct, Defendant is not entitled to the extreme and extraordinary sanction of dismissing the Superseding Indictment. The Court therefore will adopt Judge Johnson's Non-Final Report and Recommendation.

AO 72A
(Rev.8/8 2)

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States District Judge Walter E. Johnson [132], **OVERRULES** Defendant's Objections thereto [143], and **DENIES** Defendant's Motion to Dismiss Indictment for Prosecutorial Misconduct [124].

IT IS SO ORDERED, this the 9 day of May, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)