IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.                                             CIVIL ACTION FILE NO.
                                               4:17-CR-00038-01-HLM-WEJ

MICHAEL ANTHONY BARR,

    Defendant.

## ORDER

    This case is before the Court on Defendant's Motion to

Dismiss Indictment for Prosecutorial Vindictiveness [125],

as well as on the Non-Final Report and Recommendation of

United States Magistrate Judge Walter E. Johnson [134]

and Defendant's Objections to the Non-Final Report and

Recommendation [144].

AO 72A

(Rev.8/8

2)

## I.  Standard of Review

When reviewing a magistrate judge's report and recommendation, the district court must conduct "a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1).

Factual findings of the magistrate judge are subject to de novo review only if a party files a "proper, specific objection."  Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006);  United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990).  If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding only for clear error.  Macort, 208 F. Appx. at 784.

AO 72A
(Rev.8/8
2)

Legal conclusions, however, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. Appx. 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II.  Background

On November 14, 2017, a federal grand jury in the Northern District of Georgia returned a two-count Indictment against Defendant. (Docket Entry No. 1.) In Count One, the United States charged Defendant with unlawfully possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Id. at 1.) In Count Two, the United States charged Defendant with unlawfully using a false means of identification—specifically a temporary motor vehicle registration under the alias "C.F."—in connection

3

with acts constituting a felony under state law, in violation of 18 U.S.C. § 1028(a)(7). (Id. at 2.)

The government's investigation into Defendant's criminal activities, including his illegal possession of firearms and his use of the false name "C.F.," continued for several months after the return of the Indictment. Parts of the ongoing investigation indicated that Defendant's girlfriend, Nadya Ivette Diaz ("Ms. Diaz"), directly assisted him in illegally obtaining firearms. (See Gov't Ex. 5 (Docket Entry No. 130-5).) The government's efforts also revealed information concerning additional firearm-related offenses. (See, e.g., Gov't Ex. 2 (Docket Entry No. 130-2); Gov't Ex. 3 (Docket Entry No. 130-3).)

AO 72A
(Rev.8/8
2)

As these proceedings continued, Defendant filed a motion to suppress some of the government's evidence. (Docket Entry No. 21.) After a hearing on that motion, (Docket Entry No. 28), Defendant's counsel requested a plea offer from the prosecution. (Gov't Resp. (Docket Entry No. 130) at 3.) Before any such offer was given, however, the grand jury returned a Superseding Indictment on June 12, 2018. (Docket Entry No. 35.) The Superseding Indictment added seven new counts against Defendant—for a total of nine—and named Ms. Diaz as a co-defendant. (See generally id.)

After the return of the Superseding Indictment, counsel for the government offered a plea agreement. The offer's terms were communicated to Defendant's counsel by a

AO 72A
(Rev.8/8
2)

letter dated July 19, 2018.  (See Gov't Ex. 6 (Docket Entry No. 130-6).)  Defendant did not accept that plea offer, and this case has since continued to proceed toward trial.

On March 29, 2019, Defendant filed a Motion to Dismiss Indictment.  (Docket Entry No. 125.)  In his Motion, Defendant seeks dismissal of the Superseding Indictment based on a claim of vindictive prosecution.   (Id. at 6.) Specifically, Defendant contends that the prosecution sought the Superseding Indictment solely as a punishment for his refusal to accept a plea bargain.  (Id. at 2.)

In accordance with this Court's Local Rules, Defendant's Motion was referred to a magistrate judge. After thorough review, United States Magistrate Judge Walter E. Johnson recommended that the Court deny the

AO 72A
(Rev.8/8
2)

Motion. (Non-Final Report & Recommendation (Docket Entry No. 134) at 11.) Defendant filed timely objections to Judge Johnson's Non-Final Report and Recommendation. (Objs. (Docket Entry No. 144).) The Court accordingly finds this matter ripe for resolution.

## III. Discussion

The Court finds that Judge Johnson accurately stated the law governing claims of vindictive prosecution. Importantly, because the criminal charges in dispute were added prior to trial, Defendant bears the burden of proving "actual vindictiveness." <u>United States v. South</u>, 295 F. App'x 959, 967 (11th Cir. 2008) (per curiam). To demonstrate "actual vindictiveness," Defendant must show (1) that the prosecutor was "actually motivated by a desire

7

to punish [him] for the exercise of his rights," and (2) that the charges against him were a result of that animus. <u>United States v. Barner</u>, 441 F.3d 1310, 1322 (11th Cir. 2006) (quoting <u>United States v. Wilson</u>, 262 F.3d 305, 314 (4th Cir. 2001)).

This burden is exceptionally difficult for a criminal defendant to carry because, "[a]s a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute." <u>United States v. Barner</u>, 441 F.3d 1310, 1315 (11th Cir. 2006) (internal quotation marks and citation omitted).

Judge Johnson was correct in concluding that Defendant has not shown actual vindictiveness. First, the

AO 72A
(Rev.8/8
2)

record does not support Defendant's contention that the prosecutor brought the Superseding Indictment as punishment for refusing a plea deal. A grand jury returned the Superseding Indictment on June 12, 2018. (Docket Entry No. 35.) The prosecution did not propose a plea deal to Defendant until July 19, 2018. (<u>See</u> Gov't Ex 6 at 1.) Thus, the charges at issue could not have been retaliation for Defendant's rejection of the plea offer. For this reason alone, Defendant's Motion fails.

Second, even if the Superseding Indictment had postdated the prosecutor's plea offer, Defendant failed to provide any evidence of unlawful animus. Here, the record shows that the government's investigation of this case continued well beyond the filing of the original Indictment.

AO 72A
(Rev.8/8
2)

That investigation uncovered new evidence implicating Defendant and Ms. Diaz in further crimes, and such evidence is a lawful reason for the prosecutor to seek additional charges. Defendant has made no argument to rebut this fully valid explanation for the prosecutor's decision. Defendant's objections thus do not persuade the Court that the prosecutor's motives were vindictive. For this reason, as well, Defendant is not entitled to dismissal of the Superseding Indictment.

AO 72A

(Rev.8/8

2)

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States District Judge Walter E. Johnson [134] as the judgment of the Court, **OVERRULES** Defendant's Objections thereto [144], and **DENIES** Defendant's Motion to Dismiss Indictment for Prosecutorial Vindictiveness [125].

IT IS SO ORDERED, this the 14 day of May, 2019.

_____

SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)