IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

    v.

MICHAEL ANTHONY BARR and
NADYA IVETTE DIAZ,

    Defendants.

CIVIL ACTION FILE

NO. 4:17-CR-0038-HLM-WEJ

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant pro se Michael Anthony Barr's Motion to Dismiss Count Four of the Indictment [157]. On June 12, 2018, a grand jury in the Northern District of Georgia returned a Superseding Indictment [35] against Mr. Barr. Count Four charges Mr. Barr with violating 26 U.S.C. § 5861(d), 5845(a)(7), and 5871 by knowingly possessing at least one firearm silencer not registered to him in the National Firearms Registration and Transfer Record. (Super. Indict. 5.) Mr. Barr contends that Count Four "makes no sense" because Congress may amend the definition of firearms to remove silences and also argues that § 5861(d) is void for vagueness. (Mot. to Dismiss; Def.'s Mem. [157].)

Section 5861(d), making it unlawful for a person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and

Transfer Record" is still in effect and was the law at the time of the events alleged in the Superseding Indictment.  <u>See</u> 26 U.S.C. § 5861(d).  Now, and during the events at issue, the term "firearm" is defined as "any silencer (as defined in section 921 of title 18, United States Code)."  <u>Id.</u> 5845(a)(7).  Similarly, for the purposes of this case, the terms "firearm silencer" is and has been defined as "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication."  18 U.S.C. § 921(a)(24).  Whether those statutes may be amended in the future is irrelevant to Mr. Barr's current prosecution.

Moreover, those statutes are not void for vagueness, as Mr. Barr contends. A criminal statute is unconstitutionally vague when it "fails to provide a person of ordinary intelligence fair warning, or authorizes arbitrary and discriminatory enforcement." <u>United States v. Lebowitz</u>, 676 F.3d 1000, 1012 (11th Cir. 2012) (per curiam); <u>see also</u> <u>United States v. Duran</u>, 596 F.3d 1283, 1290 (11th Cir. 2010) (explaining that a criminal statute is void for vagueness where "one could not reasonably understand that his contemplated conduct is proscribed") (internal quotations and citation omitted).  Statutes have a strong presumption of validity. <u>Lebowitz</u>, 676 F.3d at 1012.  A challenge for vagueness will fail where a

2

defendant's actions "clearly fall within the intended reach of the . . . statute." United States v. McGarity, 669 F.3d 1218, 1234 (11th Cir. 2012).

The statutes Mr. Barr is charged with violating in Count Four of the Superseding Indictment are not so vague that a person of ordinary intelligence would have to guess at the meaning of "silencer," i.e., that it is any device designed to silence a firearm's report, or that it is a firearm that must be registered to him. Cf. United States v. Bennett, 165 F.3d 36 (9th Cir. 1998) (unpublished decision) ("Given the fact that § 5845 is unambiguous that a silencer is a "firearm" that must be registered pursuant to 26 U.S.C. § 5861, construing "crime of violence" to include possession of an unregistered silencer does not render § 924(c) void for vagueness.")  Mr. Barr's alleged possession of a silencer not registered to him clearly falls within the intended reach of the charged statutes.

For the reasons stated above, the undersigned **RECOMMENDS** that Mr. Barr's Motion to Dismiss Count Four of the Indictment [157] be **DENIED**.

**SO RECOMMENDED**, this 21st day of May, 2019.


WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

3