IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

   v.

MICHAEL ANTHONY BARR and
NADYA IVETTE DIAZ,

    Defendants.

CIVIL ACTION FILE

NO. 4:17-CR-0038-HLM-WEJ

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on defendant pro se Michael Anthony Barr's Motion to Dismiss For Counts Two and Three of the Indictment [150]. Mr. Barr argues that the return of the Superseding Indictment was the Assistant United States Attorney's attempt to "pull a fast one." (Mot. Dismiss [150].) Mr. Barr argues that the initial Indictment [1] charged him in only one count with knowingly possessing six firearms in violation of 18 U.S.C. § 922(g)(1), and that the AUSA vindictively increased the number of counts involving his possession of firearms in the Superseding Indictment. (Def.'s Mem. [150].) Thus, Mr. Barr asks the Court to dismiss Counts Two and Three of the Superseding Indictment. (Id.) Mr. Barr also includes citations to caselaw that indicate he believes the Superseding Indictment is not sufficiently specific. (Id. at 4.)

Mr. Barr's instant Motion is repetitive of his Motion to Dismiss for Prosecutorial Vindictiveness [125], which the Court has already addressed and ultimately denied.  (<u>See</u> Order of May 14, 2019 [146], <u>adopting</u> R. & R. of Apr. 23, 2019 [134].)   As the Court has already explained, there is no presumption of vindictiveness when new charges are brought pretrial, as was the case here.  <u>See United States v. South</u>, 295 F. App'x 959, 967 (11th Cir. 2008) (per curiam); <u>see also</u> <u>United States v. Murray</u>, 659 F. App'x 1023, 1028 (11th Cir. 2016) (per curiam) ("Because Count Five was added pretrial, no presumption of vindictiveness arose").  Nor has Mr. Barr shown actual vindictiveness.  (<u>See</u> Order of May 14, 2019 [146], <u>adopting</u> R. & R. of Apr. 23, 2019 [134].)

Count One of the original Indictment charged Mr. Barr with knowingly possessing six firearms despite his status as a felon, in violation of 18 U.S.C. § 922(g)(1).  (Indcit. [1].)  As the Court has already concluded, the Government's investigation of Mr. Barr continued after that Indictment and it superseded the charges after uncovering evidence that he knowingly conspired with co-defendant Nadya Diaz to possess firearms despite Mr. Barr's status as a felon, in violation of 18 U.S.C. §§ 371 and 922(g)(1) (<u>see</u> Super. Indict. Count One), and that Mr. Barr knowingly possessed weapons aided and abetted by Ms. Diaz, in violation of 18 U.S.C. §§ 2 and 922(g)(1) (<u>see</u> Super. Indict. Count Two).  (<u>See</u> Order of May 14,

2

2019 [146], <u>adopting</u> R. & R. of Apr. 23, 2019 [134].)  Moreover, Counts One and Two of the Superseding Indictment include allegations involving additional firearms discovered during the Government's continued investigation.  Count Three of the Superseding Indictment simply alleges that Mr. Barr knowingly possessed three of the firearms set forth in the initial Indictment, in violation of 18 U.S.C. § 922(g)(1).  (Compare Indict. [1], with Super. Indict. [35].)

Thus, there is no evidence the AUSA "is attempting to 'pull a fast one,'" as Mr. Barr contends and the Court has already concluded that the Superseding Indictment, including Counts Two and Three, was not brought out of vindictiveness. Finally, the Superseding Indictment contains the elements of each offense charged, and alleges the facts and circumstances sufficiently to apprise Mr. Barr as to the nature of the charges against him.  See Russell v. United States, 369 U.S. 749, 763 (1962) (for an indictment to be valid, it must "contain [ ] the elements of the offense intended to be charged, and sufficiently apprise[ ] the defendant of what he must be prepared to meet.") (internal quotation marks and citation omitted). Accordingly, the undersigned **RECOMMENDS** that Mr. Barr's Motion to Dismiss for Counts Two and Three of the Indictment [150] be **DENIED**.

3

**SO RECOMMENDED**, this 21st day of May, 2019.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE