IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION FILE |
| MICHAEL ANTHONY BARR and NADYA IVETTE DIAZ, | NO. 4:17-CR-0038-HLM-WEJ |
| Defendants. | |

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on defendant pro se Michael Anthony Barr's Motion to Dismiss Count One of the Indictment [163]. Mr. Barr argues that Count One of the Superseding Indictment is unconstitutional because 18 U.S.C. § 371 shifts the burden of proof to the defendant. (Id.)

Count One alleges that Mr. Barr knowingly conspired with co-defendant Nadya Diaz to possess firearms despite his status as a felon in violation of 18 U.S.C.§ 371 and 922(g)(1). (Super. Indict. [35].) Section 371 states, in part:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371.  "In criminal cases, of course, the government bears the burden of proving beyond a reasonable doubt each of the factual propositions embodied in each of the essential elements of the offense charged."  United States v. Hogue, 812 F.2d 1568, 1578 (11th Cir. 1987).  Nothing in the Superseding Indictment or 18 U.S.C. § 371 transfers the burden of proof to Mr. Barr.  Accordingly, his argument is without merit and the undersigned **RECOMMENDS** that the Motion to Dismiss Count One of the Indictment [163] be **DENIED**.

    **SO RECOMMENDED**, this 23rd day of May, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE