IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION FILE |
| MICHAEL ANTHONY BARR and NADYA IVETTE DIAZ, | NO. 4:17-CR-0038-HLM-WEJ |
| Defendants. | |

**NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on defendant pro se Michael Anthony Barr's Motion to Dismiss for Failure to Comply with Rule 6(b)(1) and (2) of the Federal Rules of Criminal Procedure [153]. Mr. Barr argues that "there is no way for [him] to challenge the legal qualifications of the grand jurors who indicted him for the reason that the Government keeps no record of those who voted to indict" and asks the Court to dismiss the Superseding Indictment. (Id.) Mr. Barr also states that he "is not, at this time, challenging jury selection procedure; but is challenging individual juror qualifications." (Id.) In his supporting brief, Mr. Barr asks numerous questions of the Court regarding grand juries. (See Def.'s Mem. [153].)

The Supreme Court "has recognized the long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Dennis

v. United States, 384 U.S. 855, 869 (1966) (internal quotation marks and citation omitted).  Indeed, Federal Rule of Criminal Procedure 6 does not require the foreperson to record the names of the jurors who concur in the indictment. Fed. R. Crim. P. 6.  Criminal defendants "are not normally entitled to the names of the members of the grand juries that indicted them" because such disclosure "could facilitate intimidation of or retaliation against those grand jurors." In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir. 1990).  A party requesting the names of grand jurors and related information must show a particularized need for the information.  United States v. Quinn, 364 F. Supp. 432, 445 (N.D. Ga. 1973) (denying defendant's request for the names and addresses of the grand jurors who returned the indictment because defendant showed no genuine need for inquiring into the composition of the grand jury); see also U.S. v. Swan, No. Crim. 03–36–01–B, 2003 WL 21799915, at *2 (D.N.H. July 22, 2003) (defendant was denied access to names of grand jurors and vote counts in absence of "a particularized showing as to why the names and specific votes of the grand jury that indicted him [are] necessary to challenge the jury selection process."); United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995); accord 28 U.S.C. 1867(d) (stating that criminal defendant challenging grand jury selection procedures must file "a sworn

statements of facts which, if true, would constitute a substantial failure to comply with" grand jury selection requirements).

Here, Mr. Barr has not alleged a basis for challenging the selection of the grand jury[1] or the qualifications of any of its members. Moreover, Federal Rule of Criminal Procedure 6 does not require the foreperson to record the names of the jurors who concur in the indictment. See generally Fed. R. Crim. P. 6. Rule 6(c) only requires that the grand jury foreperson record the number of jurors who concur and that such record may not be made public unless the court orders such disclosure. Id. 6(c). Finally, with regard to the numerous questions Mr. Barr raised in his Memorandum, as the Court has already informed him, federal courts do not provide advice or answer requests for clarification. See Preiser v. Newkirk, 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions.").

---

[1] Mr. Barr's former attorney and current elbow counsel, Brian Steel, filed Motions for access to jury selection records and materials [17, 24], which the Court granted [20, 26]. Apparently, Mr. Steel found no fault with the Court's jury plan, as he filed no further motions in that regard.

Accordingly, for the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Dismiss for Failure to Comply with Rule 6(b)(1) and (2) of the Federal Rules of Criminal Procedure [153] be **DENIED**.

**SO RECOMMENDED**, this 23rd day of May, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE