# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

United States of America,

v.

Michael Anthony Barr (1),

Defendant.

_____/

Case No. 4:17-cr-00038

Michael L. Brown
United States District Judge

## ORDER

The government charges Defendant Michael Anthony Barr with possessing firearms despite his status as a felon. Defendant, proceeding pro se, challenges the Superseding Indictment in five motions. (Dkts. 149, 150, 153, 163, 164.) The Magistrate Judge recommends denying each. (Dkts. 159, 161, 166, 168, 170.) Upon review, this Court agrees.

## I. Standard

After reviewing the magistrate judge's findings, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). If a party

objects, the district judge reviews the specific findings objected to de novo. *See* 28 U.S.C. § 636(b)(1). If a party does not object, the district judge reviews the magistrate judge's findings for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Defendant's Motions

### A. Motion to Dismiss Count 4 (Dkt. 157)

Defendant moves to dismiss Count 4 of the Superseding Indictment ("the Indictment"), which charges him with possessing an unregistered firearm silencer, for several reasons. (Dkt. 157.) The Magistrate Judge recommends denying this motion, and Defendant objects to that recommendation. (Dkts. 159, 174.) The Court reviews the Magistrate Judge's recommendations de novo. *See* 28 U.S.C. § 636(b)(1).

Defendant argues Count 4 should be dismissed for several reasons. First, he claims it should be dismissed because Congress can change the law. But, as the Magistrate Judge found, "whether those statutes may be amended in the future is irrelevant to [Defendant's] current prosecution." (Dkt. 159 at 2.) This argument is frivolous.

Second, Defendant argues the statutes at issue are void for vagueness. In relevant part, these statutes prohibit possessing an

2

unregistered firearm, which is defined to include any silencer. *See* 18 U.S.C. § 5861(d) ("It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."); 18 U.S.C § 5845(a)(7) ("[T]he term 'firearm' means . . . any silencer (as defined in section 921 of title 18, United States Code)."); 18 U.S.C § 5871 (outlining the penalty for violations of those charges).

A criminal statute is vague if it "fails to provide a person of ordinary intelligence fair warning or authorizes arbitrary and discriminatory enforcement." *United States v. Lebowitz*, 676 F.3d 1000, 1012 (11th Cir. 2012). Statutes have a strong presumption of validity. *See id.* Vagueness challenges fail when a defendant's actions clearly fall within the statute's intended reach. *See United States v. McGarity*, 669 F.3d 1218, 1234 (11th Cir. 2012). Such is the case here; Defendant's alleged actions clearly fell within the statutes' reach. A person of ordinary intelligence would know the meaning of silencer and understand the requirement of registering a firearm. *See United States v. Bennett*, 165 F.3d 36 (9th Cir. 1998) (unpublished opinion) ("Given the fact that [26 U.S.C.] § 5845 is unambiguous that a silencer is a 'firearm' that must

be registered pursuant to [ ] § 5861, construing 'crime of violence' to include possession of an unregistered silencer does not render § 924(c) void for vagueness.").

Third, Defendant argues his device should not be considered a silencer because it does not — in fact — quiet guns. This is a factual argument proper for a jury to consider, not the Court in reviewing a motion to dismiss.

Last, Defendant argues that § 5861(d) was intended to prevent the unregistered transfer or firearms. Since he allegedly made his silencer himself, he claims the law really does not apply to his conduct or was not intended to apply to it. Defendant is incorrect — the law prohibits the possession, and does not require a transfer. *See* § 5861(d) ("It shall be unlawful for any person . . . to receive or *possess* a firearm which is not registered to him in the National Firearms Registration and Transfer Record." (emphasis added)).

The Court overrules Defendant's objections, adopts the Magistrate Judge's recommendation, and denies this motion.

## B. Motion to Dismiss Counts 2, 3, 4 (Dkt. 150)

Defendant moves to dismiss Counts 2, 3, and 4, which charge Defendant with possessing firearms and a silencer after having been convicted of a felony. (Dkt. 150.) The Magistrate Judge recommends denying this motion, and Defendant objects to that recommendation. (Dkts. 161, 175.) The Court reviews the Magistrate Judge's recommendation de novo. *See* 28 U.S.C. § 636(b)(1).

Defendant makes several arguments in support of his motion to dismiss these counts. First, he claims the prosecutor was vindictive because the Superseding Indictment has two firearm possession counts, while the original indictment had one firearm possession count. Defendant has made this argument before. (*See* Dkt. 125.) As the Court previously stated,

> [B]ecause the criminal charges in dispute were added prior to trial, Defendant bears the burden of proving "actual vindictiveness." *United States v. South*, 295 F. App'x 959, 967 (11th Cir. 2008) (per curiam). To demonstrate "actual vindictiveness," Defendant must show (1) that the prosecutor was "actually motivated by a desire to punish [him] for the exercise of his rights," and (2) that the charges against him were a result of that animus. *United States v. Barner*, 441 F.3d 1310, 1322 (11th Cir. 2006) (quoting *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001)).

5

> This burden is exceptionally difficult for a criminal defendant to carry because, "[a]s a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) (internal quotation marks and citation omitted).

(Dkt. 146 at 7–8.) For the same reasons the Court stated previously, Defendant has not shown actual vindictiveness: the record does not show the prosecutor brought the Superseding Indictment as a punishment for Defendant's refusal to accept a plea deal and Defendant has not shown any evidence of unlawful animus. (*See* Dkt. 146 at 8–10.)

Defendant next argues the Indictment is multiplicitous. The Indictment has two felon-in-possession charges, Counts 2 and 3. Defendant argues these charges are multiplicitous because "the simultaneous undifferentiated possession of multiple firearms constitutes only one offense under 18 U.S.C. App. § 1202(a)." *United States v. Bonavia*, 927 F.2d 565, 568 (11th Cir. 1991).[1] But the court in *Bonavia* also found the government could charge weapons seized together

---

[1] When Congress repealed § 1202(a), it amended § 922(g) to include the § 1202(a) offense. *Bonavia*, 927 F.2d at 567 n.1.

6

in distinct counts if the weapons had been possessed separately, "that is, at [a] different location." *Id.* at 569. The government bears the burden at trial of showing the weapons seized were not simultaneously possessed, but the indictment is not multiplicitous.

Last, Defendant argues the Indictment is insufficient. Sufficient indictments "contain[ ] the elements of the offense intended to be charged and sufficiently apprise[ ] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962) (internal citations and quotation marks omitted). As the Magistrate Judge found, the Indictment lists the elements of each charged offense and sufficiently alleges facts and circumstances to apprise Defendant of the charges against him. (Dkt. 161 at 3.)

The Court overrules Defendant's objections, adopts the Magistrate Judge's recommendation, and denies this motion.

C. **Motion to Dismiss Count 1 (Dkt. 163)**

Count 1 charges Defendant with conspiring to possess a firearm. Defendant alleges this count shifts the burden to Defendant and he thus moves to dismiss it. The Magistrate Judge recommends denying this motion. (Dkt. 166.) Defendant does not object to the Magistrate's

7

recommendation, so the Court reviews it for plain error. *See Slay*, 714 F.2d at 1095.

Count 1 does not shift the burden to Defendant. The government must prove each element of the charged offense beyond a reasonable doubt. *See United States v. Hogue*, 812 F.2d 1568, 1578 (11th Cir. 1987). That remains true here. The Court thus adopts the Magistrate Judge's recommendation and denies this motion.

### D. Motion to Dismiss for Prosecutorial Misconduct and Violations of the Grand Jury Clause of the Fifth Amendment (Dkt. 149)

Defendant moves to dismiss the Indictment because, he alleges, the presence of government attorneys in grand jury proceedings violates the Fifth Amendment of the Constitution. (Dkt. 149.) The Magistrate Judge recommends denying Defendant's motion. (Dkt. 168.) Defendant did not object to this recommendation, so the Court reviews it for plain error. *See Slay*, 714 F.2d at 1095.

Rule 6(a) of the Federal Rules of Criminal Procedure permits government lawyers in grand jury proceedings, albeit not while the grand

jury is deliberating.[2] Defendant argues Congress did not have authority to pass the Federal Rules of Criminal Procedure. Defendant is wrong. The court in *United States v. McClain* explained

> The Fifth Amendment does not state whether or not prosecutors may be present in the grand jury room. The Supreme Court has held that Congress has "undoubted power to regulate the practice and procedure of federal courts" which it may exercise consistently with "the statutes or Constitution of the United States." *Sibbach v. Wilson & Co.*, 312 U.S. 1 9–10 (1941). Pursuant to this power, Congress passed the Rules Enabling Act of 1934 which gave the Supreme Court the power to prescribe general rules of court procedure. *United States v. Navarro-Vargas*, 408 F.3d 1184, 1189 (9th Cir. 2005). The Supreme Court, in turn, established the Federal Rules of Criminal Procedure which, in part, govern grand jury procedure. *Id.* at n.6. Rule 6(d)(1) provides that the attorneys for the government may be present when the grand jury is in session.

559 F. Supp. 2d 983, 991–92 (D. Minn. 2008). Rule 6(d)(1) is constitutional and government lawyers can be present in a grand jury proceeding. The Court adopts the Magistrate Judge's recommendation and denies this motion.

---

[2] Defendant does not allege the government attorneys were present during the grand jury deliberations.

9

### E. Motion to Dismiss for Failure to Comply with Rule 6(b)(1) and (2) of FRCP (Dkt. 153)

Defendant moves to dismiss the Indictment because of his inability to challenge the legal qualifications of the grand jurors. (Dkt. 153.) The Magistrate Judge recommends denying this motion, and Defendant objects to that recommendation. (Dkts. 170, 176.) The Court reviews the Magistrate Judge's recommendations de novo. *See* 28 U.S.C. § 636(b)(1).

Defendant seeks to challenge the legal qualifications of the grand jurors that voted to indict him, and he requests those grand jurors' identities. He alleges one of the jurors may have been convicted of a felony, which would render that juror unqualified. He offers no basis for his assertion but merely seems to think it is possible. He argues that since he does not know the grand jurors' names, he has no way to challenge their legal qualifications.

The disclosure of grand jury materials is permitted only in certain circumstances. *See United States v. Price*, 582 F. App'x 846 (11th Cir. 2014) (per curium). "One such circumstance is 'at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.' " *Id.* at 849 (quoting FED. R. CRIM. P. 6(e)). To obtain the disclosure, the defendant

must make three showings: first, the defendant must need the material to avoid injustice in another judicial proceeding; second, the defendant's need for disclosure is greater than the need for continued secrecy; and finally, defendant's request covers only needed material. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

"To satisfy the second requirement, the defendant must show a compelling and particularized need for disclosure." *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004) (citation omitted). Grand juror information is kept confidential to protect grand jurors "from the intimidation or retaliation of indicted defendants." *United States v. Smith*, No. 02-20380, 2004 WL 784521, at *4 (W.D. Tenn. Jan. 26, 2004) (citation omitted). Conclusory statements do not establish a particularized need. *See id.*

Defendant has not established a compelling need for disclosure. He seeks the grand jurors' names on the theory that a grand juror potentially committed a felony. This theory is speculative and does not outweigh the interest in keeping grand jurors' names confidential. *See Smith*, 2004 WL 784521, at *4 ("Defendant has made no showing that any of the grand jurors might not have been legally qualified and has therefore not

11

demonstrated a particularized need that would warrant disclosure of the grand jury ballot or concurrence form.").

The Court adopts the Magistrate Judge's recommendation and denies Defendant's motion.

### III. Conclusion

The Court **OVERRULES** Defendant's objections (Dkts. 174, 175, 176), **ADOPTS** the Magistrate Judge's Reports and Recommendations (Dkts. 159, 161, 166, 168, 170), and **DENIES** Defendant's motions (Dkts. 157, 150, 163, 149, 153).

**SO ORDERED** this 18th day of July, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE