IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

   v.

MICHAEL ANTHONY BARR and
NADYA IVETTE DIAZ,

    Defendants.

CIVIL ACTION FILE

NO. 4:17-CR-0038-HLM-WEJ

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant <u>pro se</u> Michael Anthony Barr's

Motion to Dismiss Indictment for Prosecutorial Misconduct [232].  For the reasons

explained below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

## I.  BACKGROUND

Mr. Barr asks the Court to dismiss the Second Superseding Indictment on

the basis that it was motivated by a vindictive prosecutor and is barred by judicial

estoppel.  (Def. Mot. Dismiss 1.)  Mr. Barr contends that the Government

superseded the indictment in retaliation for his co-defendant's refusal to accept a

plea offer and insistence that her attorney adopt Mr. Barr's then pending motions.

(<u>Id.</u> at 2-3.)  Mr. Barr also argues that the Government has adopted inconsistent

positions and contradictory theories in the successive charging documents and oral

arguments before the Court.  (Id. at 2-3.)  Mr. Barr asserts that Assistant United States Attorney Jessica Morris, Esq., misrepresented the extent of the changes to the facts and charges in the Second Superseding Indictment and failed to notify the Court of an addition to the forfeiture provision.  (Id.)

## II.   **ANALYSIS**

There is no factual basis for Mr. Barr's allegation of prosecutorial misconduct toward him or his co-defendant, Nadya Diaz.  It is clear that the Government amended the charges because of Ms. Diaz's alleged actions during Mr. Barr's incarceration awaiting trial in this case, not because she declined to accept a plea offer.  As the Court has stated previously, "'[d]ismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized.'"  United States v. Accetturo, 858 F.2d 679, 681 (11th Cir. 1988) (quoting United States v. Pabian, 704 F.2d 1533, 1536 (11th Cir. 1983)).  "[I]n the case of even the most egregious prosecutorial misconduct, . . . the dismissal of an indictment in such a case must depend upon a showing of actual prejudice to the accused."  United States v. Merlino, 595 F.2d 1016, 1018 (5th Cir. 1979).[1]

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

With regard to Mr. Barr's allegations that this case must be dismissed on the basis of judicial estoppel, the undersigned first observes that Mr. Barr has not cited, nor has the Court found, a criminal case where judicial estoppel was applied against the Government.  See United States v. Cluff, 857 F.3d 292, 301 (5th Cir. 2017) ("At the outset, judicial estoppel has apparently never been applied against the government in a criminal case." (internal quotation marks and citation omitted)); see also New Hampshire v. Maine, 532 U.S. 742, 755 (2001) (suggesting estoppel should not apply if it "would compromise a governmental interest in enforcing the law"); Heckler v. Cmty. Health Servs. of Crawford Cty., Inc., 467 U.S. 51, 60 (1984) ("When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined.  It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant.").

Assuming judicial estoppel can be applied in this case, "[u]nder this rule, a court may block a party from shifting its position if the positions clearly contradict, if the party successfully persuaded one court to adopt its first position so that flip-flopping creates the perception a court was misled, or if the party would derive an unfair advantage from the change." United States v. Slatten, No. 14-107, 2019 WL 3431438, at *15 (D.D.C. July 30, 2019) (citing Maine, 532 U.S. at 750-51).

3

Essentially, it is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding."  Gabarick v. Laurin Mar. (Am.) Inc., 753 F.3d 550, 553 (5th Cir. 2014) (internal quotation marks and citation omitted).

Here, the Government's representations to the Court regarding its proposed amendments to the charging document do not clearly contradict either its earlier positions, or the actual Second Superseding Indictment.  The Government has not persuaded the Court to adopt one position and then flip-flopped its position.  The Government did not mislead the Court regarding any addition to the forfeiture provision, as the Government must first prevail at trial and successfully convict Mr. Barr or Ms. Diaz before any penalty can be applied to them.  Likewise, the Government derived no unfair advantage by amending the charges or the forfeiture provision.  Accordingly, the undersigned **REPORTS** that there is no factual basis for a prosecutorial misconduct claim here and that the equitable doctrine of judicial estoppel is inapplicable under the circumstances.

## III.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss Indictment for Prosecutorial Misconduct [232] be **DENIED**.

4

**SO RECOMMENDED**, this 8th day of October, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE