IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION FILE |
| MICHAEL ANTHONY BARR and NADYA IVETTE DIAZ, | NO. 4:17-CR-0038-HLM-WEJ |
| Defendants. | |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant <u>pro se</u> Michael Anthony Barr's Third Motion to Dismiss Indictment for Prosecutorial Misconduct [233].  For the reasons explained below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

## I. BACKGROUND

In the instant motion, Mr. Barr asserts that, on September 6, 2019, Jessica Morris, Esq., the Assistant United States Attorney responsible for this case, directed the U.S. Marshals Service to permanently move him from the jail in Cherokee County, Alabama, where he was housed and directed that he not be permitted to bring his possessions or legal papers.  (Def.'s Mem. [233] 2-3.)  Mr. Barr alleges that the United States Marshals who were supervising him stated that

"the order [to move him] came from Atlanta and that they knew nothing about it and they thought it was very odd." (Id. at 3.) Mr. Barr asks the Court to dismiss this case with prejudice on the basis that the prosecutor is committing felonies and hampering his defense. (Id. at 1.)

As the Court has explained repeatedly, "'dismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized.'" United States v. Accetturo, 858 F.2d 679, 681 (11th Cir. 1988) (quoting United States v. Pabian, 704 F.2d 1533, 1536 (11th Cir. 1983)). "[I]n the case of even the most egregious prosecutorial misconduct, . . . the dismissal of an indictment in such a case must depend upon a showing of actual prejudice to the accused." United States v. Merlino, 595 F.2d 1016, 1018 (5th Cir. 1979).[1]

The Court reminds Mr. Barr that he was brought to Atlanta on September 6, 2019, at the Court's direction to attend a hearing [205] regarding Mr. Barr's claim that Superior Court Judge Cindy Morris did not sign the August 31, 2017 search warrant for the Mitchell Bridge Road Property. Moreover, the Court instructs the U.S. Marshals Service to move defendants. The U.S. Attorney's Office and

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

individual AUSAs do not issue orders to the U.S. Marshals Service regarding the movement of defendants. The undersigned **REPORTS** that there is no factual basis for a prosecutorial misconduct claim here. Neither AUSA Morris, nor anyone in the U.S. Attorney's Office, directed that Mr. Barr be moved from the jail where he was housed on September 6, 2019.

## II.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that defendant's Third Motion to Dismiss Indictment for Prosecutorial Misconduct [233] be **DENIED**.

**SO RECOMMENDED**, this 8th day of October, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE