IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION FILE |
| MICHAEL ANTHONY BARR and NADYA IVETTE DIAZ, | NO. 4:17-CR-0038-HLM-WEJ |
| Defendants. | |

### NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant pro se Michael Anthony Barr's Motion to Dismiss Indictment for Speedy Trial Violations [231]. Mr. Barr asserts that he has been awaiting trial for two years and, as a result of that delay, his Constitutional and statutory rights to a speedy trial have been violated. (Def.'s Mot. 1-2.) For the reasons explained below, the undersigned **RECOMMENDS** that said Motion be **DENIED**.

I.    **BACKGROUND**

On November 14, 2017, the Government returned the original Indictment [1] against Mr. Barr, and he made an initial appearance and was arraigned [5] on November 28, 2017.[1]

On December 8, 2017, the Court granted [9] Mr. Barr's Motion to Continue Pretrial Conference and Motion to Extend Time in Which to File Pretrial Motions [8]. Before the expiration of that extension, Mr. Barr repeatedly requested a continuance of those deadlines [10, 15], which the Court granted [13, 16] through March 20, 2018.

On March 15, 2018, Mr. Barr filed a Motion to Suppress Seized Evidence [21], which Mr. Barr supplemented [70] and Ms. Diaz joined [71]. The Court ultimately denied [89] those Motions on November 2, 2018. However, in the interim, on August 10, 2018, Mr. Barr filed a Motion to Suppress In-Custody Statements [67], which the Court denied [103] on December 20, 2018.

Also on December 20, 2018, in anticipation of the case heading to trial, the Court issued a scheduling order [104]; however, on December 21, 2018, Ms. Diaz

---

[1] On June 12, 2018, the Government returned the Superseding Indictment [35] against both Mr. Barr and co-defendant Nadya Diaz. Ms. Diaz made her initial appearance and was arraigned [50] on June 27, 2018.

filed a Motion to Continue Trial [105]. The Court granted [106] that Motion for at least thirty days after the scheduled January 22, 2019 trial date and excluded the time from the date of that motion until a jury could be impaneled from the Speedy Trial Act as to both defendants.

On February 11, 2019, Mr. Barr filed a Motion of Intent to Proceed <u>Pro Se</u> [112], which he reiterated in a Notice and Demand to Proceed <u>Pro Se</u> [117] dated February 27, 2019. On March 14, 2019, the Court granted [121] Mr. Barr's request to proceed <u>pro se</u> and extended the deadline for Mr. Barr to file his own pretrial motions by forty-five days from that date.

On March 29, 2019, Mr. Barr filed a Motion Requesting Adjudication by Article III Federal Judge(S) [123], two Motions to Dismiss the Indictment [124, 125], and an Objection to Juror's Oath [126]. Before those motions could be resolved, on April 26, 2019, Mr. Barr filed two Motions to Suppress [136, 137] and a Motion for Evidentiary Hearing [138]. Mr. Barr also sought an extension of time to file pretrial motions [139], which the Court granted through May 20, 2019.

On May 20, 2019, Mr. Barr filed several Motions to Dismiss [149, 150, 153, 157] and other miscellaneous motions [151, 152, 154, 155]. On May 22, 2019, Mr. Barr filed additional Motions to Dismiss [163] and Suppress Evidence [164]. The Court resolved those motions on or before August 13, 2019. However, on July 17,

2019, before those pending motions were resolved, Mr. Barr filed a Motion for Judicial Notice [190] and filed a similar successive motion [195] on August 19, 2019. Those later motions remain pending.

On September 9, 2019, the Court specially set this matter for a jury trial [206] on December 9, 2019, and ordered that the time between that scheduling order and the trial date be excluded from the Speedy Trial Act.

## II.   ANALYSIS

### A.   The Speedy Trial Act's Statutory Period Has Not Expired

Pursuant to the Speedy Trial Act, a criminal trial must commence within seventy days from "the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1); see also United States v. Beard, 41 F.3d 1486, 1488 (11th Cir. 1995). If the defendant is not tried within the proper time period, the Court must dismiss the indictment. 18 U.S.C. § 3162(a)(2).

The Speedy Trial Act, however, provides for exclusion of certain specified periods of time from speedy trial calculations. 18 U.S.C. § 3161(h); United States v. Jernigan, 341 F.3d 1273, 1286 (11th Cir. 2003). For example, the seventy-day period does not include time during which pretrial motions are pending. 18 U.S.C.

4

§ 3161(h)(1)(D) (excluding time "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); United States v. Harris, 376 F.3d 1282, 1288-89 (11th Cir. 2004).

In a multi-defendant case, motions filed by one defendant will trigger excludable time for all the defendants. United States v. Martinez, 749 F.2d 623, 624 (11th Cir. 1984); see also United States v. Phillips, 936 F.2d 1252, 1254 n.2 (11th Cir. 1991). Similarly, for pretrial motions that require hearings, "the entire time from the filing of the motion to the conclusion of the hearing is excludable, even when the hearing is deferred until trial." Phillips, 936 F.2d at 1254; see also Harris, 376 F.3d at 1289. The exclusion of the entire period (i.e., from filing of the motion until the conclusion of the hearing) "is not subject to review regarding its reasonableness." United States v. Davenport, 935 F.2d 1223, 1228 (11th Cir. 1991).

Here, only nine days have elapsed which are not excludable under the Speedy Trial Act. On November 28, 2017, Mr. Barr was arraigned on the initial Indictment and, on December 8, 2017, Mr. Barr filed his first requested for a continuance. From that date through the September 9, 2019 scheduling order (setting a December 9, 2019 trial date and excluding all further time), either Mr. Barr or Ms. Diaz has had a pending motion or was granted an extension of time

5

which intersected with defendants' additional motions. Thus, all days from December 8, 2017 through the scheduled trial are excludable by the Speedy Trial Act and the undersigned **REPORTS** that Mr. Barr is not entitled to relief under the Speedy Trial Act.

### B. Mr. Barr's Sixth Amendment Rights Have Not Been Violated

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In order to determine whether a defendant has been deprived of his right to a speedy trial, the court must consider (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. Doggett v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). "[T]he first factor serves a triggering function; unless some presumptively prejudicial period of delay occurred, [the Court] need not conduct the remainder of the analysis." United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003) (internal quotation marks and citations omitted). The delay at issue is the time between the return of the indictment and the trial. Id. at 1296; United States v. Ingram, 446 F.3d 1332, 1337 n.3 (11th Cir. 2006). A delay is considered

presumptively prejudicial as it approaches one year. Doggett, 505 U.S. at 651-52 & n.1.

From the return of initial November 14, 2017 Indictment, through the scheduled December 9, 2019 trial date, Mr. Barr has waited more than two years for a trial. However, Mr. Barr began that delay with his December 8, 2017 Motion to Continue Pretrial Conference and continued to delay this case with a successive barrage of motions, many of which were frivolous. Assuming that period was uncommonly long, Mr. Barr is to blame for the delay and has not cited what prejudice he may have suffered as a result. Indeed, at his request, the Court permitted Mr. Barr to represent himself pro se [121][2] and to seek additional information in support of his defense [205]. Finally, it is not lost on the Court that only now, on the eve of trial and after filing numerous repetitive pro se motions, Mr. Barr belatedly asserts his right to a speedy trial. Thus, the undersigned **REPORTS** that the Barker factors weigh against Mr. Barr and he is not entitled to relief under the Sixth Amendment.

---

[2] On December 13, 2018, the Court issued a notice [101] setting this matter for a January 22, 2019 trial—a little over a year from the initial Indictment. However, Ms. Diaz's request to continue the trial [105] followed by Mr. Barr's demand to represent himself [112] in this matter began a period of delay that continues to the present.

### III. CONCLUSION

For the reasons stated above, the undersigned **REPORTS** that Mr. Barr is not entitled to relief under either the Speedy Trial Act or the Sixth Amendment. Accordingly, the undersigned **RECOMMENDS** that Mr. Barr's Motion to Dismiss Indictment for Speedy Trial Violations [231] be **DENIED**.

**SO RECOMMENDED**, this 9th day of October, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE